J-S60014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES SAUNDERS, | |
| Appellant | No. 790 EDA 2015 |

Appeal from the PCRA Order Entered February 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0827441-1988

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 20, 2015**

Appellant, James Saunders, appeals *pro se* from the post conviction court's February 23, 2015 order denying, as untimely, his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

In October of 1989, Appellant was convicted by a jury of first-degree murder, criminal conspiracy, and possessing an instrument of crime. His convictions stemmed from the following facts, as set forth by this Court in our disposition of Appellant's direct appeal:

On July 15, 1988, at approximately 1:00 a.m., [Appellant] and three other men were walking back and forth on Walnut Street between 50th and 51st Streets in the City of Philadelphia. [Appellant] and an individual named "Maleek" then began walking on the north side of Walnut Street toward 51st Street,

while co-defendant Stanley Scott and another male walked in the opposite direction.[1]

Shortly thereafter, [Appellant] and "Maleek" turned around and were heading towards 51st Street, when Stanley Scott shouted, "Yo, there they go." Barron Bracy, the decedent, and a companion were standing between [Appellant] and Stanley Scott. [Appellant] then fired a shot in the direction of Barron Bracy, who was unarmed. Immediately thereafter, Bracy began hopping and shouting that somebody had shot him and that he needed help.

Bracy's companion ran around the corner, and was chased by [Appellant], Stanley Scott, Maleek, and another male, who were all firing handguns. At approximately 1:15 a.m., police officers arrived at the scene and found Barron Bracy lying face down on Walnut Street. The victim was transported to Misericordia Hospital by emergency personnel, but died shortly thereafter.

An autopsy was conducted which revealed that the decedent suffered a single gunshot wound to the lower left abdomen. The medical examiner testified that this bullet entered the decedent's abdominal and pelvic cavities, causing him to bleed to death. The medical examiner testified that the cause of death was the gunshot wound to the decedent's abdomen.

*Commonwealth v. Saunders*, No. 02140 PHL 1991, unpublished memorandum at 1-2 (Pa. Super. filed April 13, 1992) (quoting Trial Court Opinion, 10/17/91, at 2-3) (citations to the record omitted).

On June 3, 1991, Appellant was sentenced to an aggregate term of life imprisonment. He filed a timely direct appeal with this Court, and we

_____

[1] While Scott is referred to as Appellant's co-defendant, the two men were ultimately tried separately.

- 2 -

affirmed his judgment of sentence. *See id.* Appellant did not file a petition for permission to appeal to our Supreme Court.

On October 16, 1998, Appellant filed his first PCRA petition, which was dismissed by the PCRA court on May 3, 1999. Appellant filed a timely appeal with this Court, and we affirmed the order dismissing his petition on September 5, 2000. ***Commonwealth v. Saunders***, 766 A.2d 891 (Pa. Super. 2000) (unpublished memorandum). Again, Appellant did not petition for permission to appeal to our Supreme Court.

On November 5, 2012, Appellant filed the *pro se* PCRA petition underlying the instant appeal. Therein, Appellant alleged, *inter alia*, that he recently discovered the transcripts from Stanley Scott's trial, which revealed exculpatory evidence that was withheld by the Commonwealth in Appellant's prosecution. On January 13, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to deny Appellant's petition as untimely. Appellant filed a response to the Rule 907 notice; however, on February 23, 2015, the PCRA court issued an order denying his petition.

Appellant timely filed a notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently filed a Rule 1925(a) opinion. Herein, Appellant presents five issues for our review, which we reproduce verbatim:

> 1) Did the (PCRA) court err, and commit reversible error when it dismissed appellant's petition without the benefit of properly conducted hearing to determine the creditability of the presented statement(s) that led to the filing of the said petition, and therefore being able to render a fully informed legal opinion?

- 3 -

2) Did (PCRA) court err, and commit reversible error when it failed to recognize a timely presented motion to the court, that was pertinent to the due process of the law within regards to final disposition of (PCRA) petition?

3) Did the Commonwealth's attorney perpetrate a knowing fraud upon the court when they failed to disclose discoverable material to the defense, that it presented to the court at suppression and at trial, and knew was inherently false in nature?

3) Did the Commonwealth's prosecuting attorney err, and commit reversible error, when it permitted knowing false testimony to remain on the record uncorrected, when it was presented at a criminal suppression hearing and trial, as well as during appellate post collateral proceedings, impeding justice and perpetrating a knowing fraud upon the judiciary?

4) Did the (PCRA) court err, and commit reversible error when it omitted facts of record upon which appellants claims are predicated and completely failed to address claims of appellant that are properly preserved and presented to the court for review?

Appellant's Brief at 4 (unnumbered).[2]

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, as the PCRA time limitation implicates our jurisdiction and may not be altered

---

[2] We note that the Commonwealth did not file a brief in this case.

or disregarded in order to address the merits of a petition. **_See_**

**_Commonwealth v. Bennett_**, 930 A.2d 1264, 1267 (Pa. 2007). Under the

PCRA, any petition for post-conviction relief, including a second or

subsequent one, must be filed within one year of the date the judgment of

sentence becomes final, unless one of the following exceptions applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of

these exceptions "shall be filed within 60 days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 13, 1992,

at the expiration of the thirty-day time period for seeking review with the

Pennsylvania Supreme Court. **_See_** 42 Pa.C.S. § 9545(b)(3) (stating that

judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, Appellant had until May 13, 1993, to file a timely petition, making his November 5, 2012 petition patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth above.

In his *pro se* brief, Appellant argues that he meets the "newly discovered fact" exception of section 9545(b)(1)(ii) based on his discovery of evidence purportedly withheld by the Commonwealth in violation of **Brady v. Maryland**, 373 U.S. 83 (1963).[3] Specifically, Appellant maintains that

_____

[3] Our Supreme Court has explained:

> Under **Brady**, the prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights. "[T]o establish a **Brady** violation, a defendant is required to demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." **Commonwealth v. Gibson**, 597 Pa. 402, 951 A.2d 1110, 1126 (2008).

**Commonwealth v. Cam Ly**, 980 A.2d 61, 75 (Pa. 2009). Additionally, "[t]he burden of proof is on the defendant to demonstrate that the Commonwealth withheld or suppressed evidence." **Id.** (citing **Commonwealth v. Porter**, 556 Pa. 301, 728 A.2d 890, 898 (1999)).

"on or about October 2012," an individual named Claude Saunders, "being suspicious of the circumstances leading up to [A]ppellant's conviction, … researched [A]ppellant's case," and found (and mailed to Appellant) the transcripts of the trial of Stanley Scott, Appellant's cohort in the shootings. Appellant claims that those transcripts reveal that a witness, William Holden, testified at Scott's trial that Appellant was not the shooter, and was not even present on the street at the time of the shooting. Appellant contends that he was unaware of Holden's testimony at Scott's July 1989 trial because the transcripts of that proceeding were withheld by the Commonwealth prior to Appellant's October 1989 trial.

Appellant further claims that, included with Scott's trial transcripts, were transcripts of 911 calls made by two witnesses who testified at Appellant's trial, Jesse Hambright and Hillary Williams. According to Appellant, the 911-call transcripts indicate that Hambright and Williams were inside their homes when the shooting occurred. Thus, Appellant avers that he could have used that evidence to impeach Hambright's and Williams' testimony that they saw Appellant participate in the shooting. However, Appellant was purportedly unaware of these 911-call transcripts because the Commonwealth did not turn them over to Appellant prior to his trial.

After assessing Appellant's claims, the PCRA court concluded that Appellant "failed to establish that the Commonwealth withheld or suppressed any evidence[]" in violation of **Brady**. PCRA Court Opinion, 2/23/15, at 4. The court additionally found that Appellant "failed to demonstrate that the

alleged **Brady** violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id.** (citing **Cam Ly**, 980 A.2d at 75). Consequently, the PCRA court concluded that Appellant did not satisfy any exception to the PCRA's one-year time-bar.

The PCRA court's legal analysis is technically flawed. Our Supreme Court clarified, in **Commonwealth v. Lambert**, 884 A.2d 848 (Pa. 2005), that a PCRA petitioner can satisfy the timeliness exception set forth in section 9545(b)(1)(ii) by alleging a **Brady** violation and, to do so, the petitioner *need not* prove the underlying merits of his **Brady** claim(s). **Id.** at 851-852. Instead, "[t]he exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to [the petitioner], nor could they have been ascertained by due diligence." **Id.** Pursuant to **Lambert**, we conclude that the PCRA court erred by assessing the merits of Appellant's **Brady** claims in rejecting his petition as untimely.

While the PCRA court erred by examining the merits of Appellant's **Brady** claims, we agree with the court's ultimate conclusion that Appellant failed to prove the timeliness exception of section 9545(b)(1)(ii). The evidence presented at Scott's trial, *i.e.*, Holden's testimony and the transcripts of the 911 phone calls by Hambright and Williams, became public in July of 1989, when Scott's trial was conducted. **See** Appellant's Brief at 7 (stating Scott's trial occurred on or about July 20, 1989). At that time, Appellant was awaiting his own trial (which took place in October of 1989), and was represented by counsel. Therefore, it is reasonable to presume that

Appellant had access to the public information revealed during Scott's trial, and the evidence presented during that proceeding was not 'unknown' to him for purposes of proving the exception in section 9545(b)(1)(ii). **See Commonwealth v. Burton**, --- A.3d ---, 2015 WL 5076284, *6-7 (Pa. Super. 2015) (*en banc*) (stating that the general rule that matters of public record are not 'unknown' for purposes of proving a timeliness exception "is reasonable when we may conclude that the petitioner retains access to public information, such as when a petitioner is represented by counsel[;]" however, such a presumption does not apply when the petitioner is *pro se* at the time the information becomes public).

Certainly, Appellant could rebut the presumption that the evidence revealed during Scott's public trial was accessible and known to him. **Id.** at *6. However, Appellant offers no discussion of what reasonable efforts he took to uncover that evidence, or state how or why the particular circumstances of his case precluded him from accessing sooner the transcripts that Claude Saunders uncovered in 2012. **See Burton**, 2015 WL 5076284, at *6 (holding "that due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief").

For these reasons, we conclude that Appellant has not proven the applicability of the 'newly discovered facts' exception of section

9545(b)(1)(ii).[4]  Therefore, the PCRA court did not err in denying his petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2015

---

[4] We note that Appellant also presents ineffective assistance of counsel (IAC) claims, and challenges the legality of his sentence.  However, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."  **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).  Likewise, in **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), our Supreme Court held that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits. **Id.** at 223.  Appellant does not attempt to argue that a timeliness exception applies to either his IAC argument or his legality of sentencing claims. Consequently, we do not have jurisdiction to address the merits of those issues.